UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY DICICCO (GEHRIG), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-04032 |
| ) | |
| ROUNDY'S ILLINOIS, LLC, ) | Hon. John F. Kness |
| d/b/a MARIANO'S, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

Defendant, Roundy's Illinois LLC d/b/a Mariano's ("Defendant" or "Mariano's"), by and through its undersigned counsel, respectfully moves, under Rule 12(b)(6), to dismiss this action, with prejudice. Plaintiff opposes this motion.

### I. PRELIMINARY STATEMENT

Plaintiff, Mary DiCicco ("DiCicco" or "Plaintiff"), asserts claims against Mariano's for allegedly unpaid overtime under the Fair Labor Standards Act (the "FLSA," 29 U.S.C. § 201, *et seq*.) and the Illinois Minimum Wage Law (the "IMWL," 820 ILCS 105/1, *et seq*.). (Dkt. 1).

Plaintiff's claims in this action were severed from *Cunningham, et al. v. Roundy's Illinois, LLC d/b/a Mariano's*, Case No. 21-cv-05368 (N.D. Ill.). *Cunningham*, in turn, was an untimely lawsuit filed by twenty-three (23) plaintiffs – including Ms. DiCicco – who had been previously dismissed from a decertified FLSA collective action, *Haugen, et al. v. Roundy's Illinois, LLC d/b/a Mariano's*, Case No. 18-cv-7297 (N.D. Ill.).

When Judge Bucklo dismissed Ms. DiCicco from the *Haugen* matter (after almost three years of litigation), she gave her ***sixty (60) days*** to refile her action. Ms. DiCicco, however, failed to comply with that deadline. Under binding Seventh Circuit precedent, when she failed to file a

new action by that deadline, Judge Bucklo's "without-prejudice" dismissal of Ms. DiCicco ripened into a "dismissal *with* prejudice." Accordingly, Plaintiff is barred from reasserting her claims here.

Moreover, if her action had not been dismissed with prejudice, Judge Bucklo's "without-prejudice" dismissal of Ms. DiCicco from *Haugen* would have retroactively wiped away any tolling that had accrued in *Haugen*. Because Plaintiff's claims accrued more than three years before she filed this action, those claims are time-barred and should be dismissed, with prejudice, under Rule 12(b)(6).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court must accept as true all well-pleaded allegations in a complaint, it need not accept legal conclusions as true. *Id*. Similarly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"A complainant can plead himself out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law." *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Thus, "if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *Id*. Similarly, "when a defendant raises *res judicata* as a defense and it is clear from the complaint's face, and matters of which the district court may take judicial notice, that the plaintiff's claims are barred as

a matter of law, dismissal under Rule 12(b)(6) is proper." *Clark & Leland Condo., L.L.C. v. Northside Cmty. Bank*, 110 F. Supp. 3d 866, 868–69 (N.D. Ill. 2015) (cleaned up).[1]

Between the facts alleged in her Complaint and the procedural history of her prior litigation, Plaintiff has pleaded herself out of court.

### III. FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2018, James Haugen sued Mariano's for alleged violations of the FLSA (and ancillary state laws and local wage ordinances), on his own behalf and on behalf of other similarly situated People Service Managers ("PSMs," which are store-level human resources managers employed at each Mariano's store location). *See Haugen, et al. v. Roundy's Illinois, LLC d/b/a Mariano's*, Case No. 18-cv-7297 (N.D. Ill.), Dkt. 1. Mr. Haugen alleged that Mariano's misclassified him and other PSMs as "exempt," and consequently violated the FLSA by failing to pay "time-and-a-half" for overtime hours worked. *Id.* at ¶ 5. Mr. Haugen framed his lawsuit as a putative collective FLSA action under 29 U.S.C. § 216(b) and sought to serve as the lead plaintiff.[2]

After "Phase I" discovery, Judge Bucklo granted conditional certification of *Haugen* as a collective action. *Haugen*, Dkt. 51. Twenty-eight (28) plaintiffs eventually opted in, including Ms. DiCicco, who opted in on January 24, 2020, and became a full party-plaintiff to the *Haugen*

---

[1] It is proper for this Court to take judicial notice of dates on which certain actions were taken or required to be taken in earlier litigation. *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.").

[2] By way of background, courts typically employ a two-part test to determine whether employees are "similarly situated" such that an FLSA action may proceed on a collective basis. "At the first stage, a named plaintiff 'can show that the potential claimants are similarly situated by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339, 345 (N.D. Ill. 2012) (quoting *Franks v. MKM Oil, Inc.*, No. 10 CV 00013, 2012 WL 3903782, at *9 (N.D. Ill. Sept. 7, 2012)). "At the second stage, however, the court's inquiry becomes more stringent." *Id*.

3

case. *Haugen*, Dkt. 56. In that case, as here, Ms. DiCicco alleged that Mariano's violated the FLSA and the IMWL. *Haugen*, Dkt. 38.

The parties began conducting "Phase II" discovery to determine whether there was sufficient similarity among the plaintiffs to allow the matter to proceed collectively on the merits. During Phase II, the parties took extensive discovery that included document requests, interrogatories, and more than a dozen (12) depositions. At the conclusion of Phase II discovery, Mariano's moved to decertify the conditionally-certified collective action (on the basis that the plaintiffs were not "similarly situated" to one another), and to dismiss Ms. DiCicco and the rest of the plaintiffs who had opted into the putative collective action. *Haugen*, Dkt. 109.

After examining the parties' extensive briefing and the evidence gathered in discovery, Judge Bucklo ruled that the plaintiffs were not similarly situated to each other under Section 216(b) of the FLSA. On that basis, she granted Mariano's motion to decertify the putative collective action and dismissed the opt-in plaintiffs, including Ms. DiCicco. *Haugen v. Roundy's Illinois, LLC*, 552 F. Supp. 3d 806, 811 (N.D. Ill. 2021).

Twenty-five (25) days later, Ms. DiCicco (along with her dismissed co-plaintiffs) sought "clarification" from Judge Bucklo to address whether she was granted leave to refile her claims. *Haugen*, Dkt. 126. The dismissed plaintiffs took the position that the opt-in claims would be dismissed "without prejudice with leave to refile on an individual basis." *Id*. at ¶ 3. In response, Mariano's agreed that the opt-in claimants "should be dismissed without prejudice," and that each of the plaintiffs should file "individual lawsuits." *Haugen*, Dkt. 128 at pp. 1-2. On September 13, 2021, Judge Bucklo provided the requested clarification, and entered an order allowing the dismissed plaintiffs – including Ms. DiCicco – to each file an individual lawsuit no later than October 4, 2021:

> The motion for clarification is granted to make clear that the August 5, 2021 order dismissed the opt-in plaintiffs without prejudice. The motion to toll the statute of limitations for dismissed opt-in plaintiffs is granted. Dismissed opt-in plaintiffs may re-file their claims dismissed by this court on an individual basis ***on or before October 4, 2021*** (60 days following the court's August 5, 2021 order).

*Haugen*, Dkt. 131 (emphasis added).

The October 4, 2021, refiling deadline came and went without Ms. DiCicco or any of the other dismissed plaintiffs refiling their claims, or moving for an extension of Judge Bucklo's deadline. Accordingly (as explained further below), this caused the "without-prejudice" dismissal to ripen into a "dismissal *with* prejudice." Nevertheless, on October 8, 2021 – four days after the refiling deadline had expired, rendering Judge Bucklo's August 5, 2021, order a "dismissal with prejudice" – twenty-three (23) of the dismissed plaintiffs, including Ms. DiCicco, collectively refiled their claims in a single lawsuit, *Cunningham, et al. v. Roundy's Illinois, LLC d/b/a Mariano's*, Case No. 1:21-cv-05368 (N.D. Ill.), before Judge Kendall. *Cunningham*, Dkt. 1.

Ms. DiCicco and the rest of the *Cunningham* plaintiffs had ignored Judge Bucklo's rulings, and had improperly refiled their disparate claims in a single action, hoping that a different judge would allow their actions to proceed as a *de facto* collective action. Accordingly, before the *Cunningham* case had reached the pleadings stage, Mariano's moved to sever the disparate claims of each PSM plaintiff into separate actions. *Cunningham*, Dkt. 11 & Dkt. 12. On July 6, 2022, Judge Kendall granted Mariano's motion, and severed each plaintiff. *Cunningham*, Dkt. 29. She required each plaintiff to refile his or her severed claims in a separate action by August 5, 2022. *Cunningham*, Dkt. 30.

On August 2, 2022, Ms. DiCicco refiled her action against Mariano's in the above-captioned case. (Dkt. 1). This matter was originally assigned to Judge Kendall but, on August 19,

5

2022, it was administratively reassigned to Your Honor. (Dkt. 7). In this refiled action, Ms. DiCicco asserts exactly the same claims she asserted against Mariano's in *Cunningham*, which were the exact same claims Judge Bucklo dismissed (ultimately, with prejudice) in *Haugen*: alleged violations of the FLSA (29 U.S.C. § 201, *et seq.*) and the IMWL (820 ILCS 105/1, *et seq.*). (Dkt. 1).

### IV. ARGUMENT

Plaintiff's claims were already dismissed with prejudice, so Plaintiff is barred from reasserting her claims in this action. Even if Plaintiff's action had *not* already been dismissed with prejudice by Judge Bucklo, her claims would be time-barred. Either way, the Court should dismiss Plaintiff's claims "with prejudice" (again).

#### A. PLAINTIFF'S ACTION IS BARRED BECAUSE IT WAS ALREADY DISMISSED "WITH PREJUDICE."

Judge Bucklo already dismissed Ms. DiCicco's claims with prejudice, so she is barred from asserting those claims again here.

As explained above, on January 24, 2020, Ms. DiCicco opted into the *Haugen* collective action, asserting FLSA and state law unpaid overtime claims against Mariano's. *Haugen*, Dkt. 56. Once she opted into the *Haugen* action, Ms. DiCicco became a full party-plaintiff for all purposes. *See* 29 U.S.C. § 216(b) (employees who file consents become party plaintiffs); *O'Toole v. Sears Roebuck & Co.*, 2014 WL 1388660, at *2 (N.D. Ill. Apr. 10, 2014) ("[U]nlike class members in a Rule 23 class action, opt-in plaintiffs in a collective action have affirmatively decided to become plaintiffs and thus are full parties."). On March 11, 2021, Mariano's moved in *Haugen* to decertify the conditionally-certified collective action and, in doing so, requested that the Court "dismiss the claims of the opt-in Plaintiffs…." *Haugen*, Dkt. 109 at p. 22. On August 5, 2021, Judge Bucklo granted Mariano's motion and decertified the putative collective action. *Haugen*, Dkt. 125.

6

Twenty-five (25) days later, Ms. DiCicco (along with her dismissed co-plaintiffs) moved for clarification regarding whether she had been granted leave to file an individual action against Mariano's. *Haugen*, Dkt. 126 at p. 4. Judge Bucklo clarified that the "August 5, 2021 order dismissed the opt-in plaintiffs without prejudice" and ordered that they "may re-file their claims dismissed by this court on an individual basis on or before October 4, 2021 (60 days following the court's August 5, 2021 order)." *Haugen*, Dkt. 131.

By ordering Ms. DiCicco to refile her claims by October 4, 2021, it necessarily follows that Judge Bucklo ordered that Plaintiff could ***not*** refile those claims after October 4, 2021. Stated differently, the "without-prejudice" dismissal of Ms. DiCicco was to ripen into a "with-prejudice" dismissal on October 5, 2021, unless Ms. DiCicco refiled her claims before then.

It made sense for Judge Bucklo to impose this condition on refiling. By October 2021, the *Haugen* plaintiffs had been litigating against Mariano's for 35 months – just short of three years – and at a steep cost to Mariano's. To determine whether the case should proceed as a collective action, the parties took extensive discovery that included document requests, interrogatories, and at least twelve (12) depositions. By the time the dust settled, the certification proceedings in *Haugen* had become more burdensome than most entire lawsuits. And through that process, the *Haugen* plaintiffs – far more so than normal plaintiffs – became intricately well-versed in the details of the parties' claims and defenses. So, when Judge Bucklo granted Mariano's motion to decertify in August 2021, there was simply no impediment to Ms. DiCicco (or any of the other opt-in plaintiffs) immediately refiling her claims against Mariano's in an individual action, and there was no reason to impose any further delay upon Mariano's.

Nevertheless, Ms. DiCicco chose ***not*** to refile her action by October 4, 2021, as Judge Bucklo had required. Nor did she move for an extension of time. Instead, on ***October 8, 2021***,

7

Ms. DiCicco refiled the same claims she had asserted in *Haugen* under a new action, captioned *Cunningham v. Roundy's*, Case No. 1:21-cv-05368. Ms. DiCicco did so without even acknowledging the late filing, much less providing any excuse for it.

By the time Ms. DiCicco had re-filed her claims in *Cunningham* on October 8, 2021, the "without-prejudice" dismissal of those claims had already ripened into a "with-prejudice" dismissal. Ms. DiCicco was, therefore, procedurally barred from refiling her claims. "Typically when a court dismisses a case without prejudice subject to the condition that a plaintiff must perform a certain action, such as filing an amended complaint, within a specified time, then upon the plaintiff's failure to perform that action **the dismissal ripens into a dismissal with prejudice**." *Johnson v. Schoen*, No. 10-CV-0113, 2011 WL 245569, at *1 (S.D. Ill. Jan. 26, 2011) (emphasis added). Indeed, as the Seventh Circuit has explained, where a court imposes a condition on a without-prejudice dismissal, "[w]hen the condition is no longer satisfiable, the dismissal becomes one with prejudice…." *Otis v. City of Chicago*, 29 F.3d 1159, 1164 (7th Cir. 1994).[3]

The Seventh Circuit reiterated this rule in *McDonald v. Household Int'l, Inc.*, 425 F.3d 424 (7th Cir. 2005). There, the district court had dismissed a complaint with the condition—similar to Judge Bucklo's condition here—that plaintiffs "may refile their Complaint requesting appropriate relief … within 30 days of the date of this Entry." *McDonald v. Household Int'l, Inc.*, No. 1:03-CV-01698RLY-TAB, 2004 WL 2363797, at *6 (S.D. Ind. Aug. 3, 2004). The Seventh Circuit

---

[3] In so ruling, the Seventh Circuit also expressly overruled *Hatch v. Lane,* 854 F.2d 981, 982 (7th Cir. 1988), which previously held that a dismissal order granting leave to file an amended complaint by a date certain did not become a final decision when time expired. *Otis,* 29 F.3d at 1168; *see also Njos v. Metlife Ins.*, 2020 WL 1812382 at *3 (N.D. Ill. Apr. 8, 2020) (trial court may, but is not required to, provide warning that failure to meet a deadline will result in dismissal with prejudice).

8

held that when the plaintiff failed to file an amended complaint within the allotted time, the dismissal became "one with prejudice." *McDonald*, 425 F.3d at 427.

In this case, once the October 4th date had passed, Ms. DiCicco could no longer satisfy the condition of refiling her action by that deadline. Accordingly, on October 5, 2021, the "without-prejudice" dismissal of her action "bec[ame] one with prejudice." *Otis*, 29 F.3d at 1164. By the time Ms. DiCicco refiled her claims in *Cunningham* on October 8, 2021, she was already barred from asserting those claims ever again.

The claims Ms. DiCicco presents here are the identical claims that she asserted in *Cunningham*, which are the identical claims that were dismissed with prejudice in *Haugen*.[4] Because Ms. DiCicco's claims were dismissed with prejudice, she is barred from asserting them against Mariano's here. "[A] suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000); *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001) (holding that that when a federal court dismisses claims with prejudice, that "bar[s] refiling of the same claim" in federal court). Accordingly, the Court should dismiss Plaintiff's action, with prejudice (again), under Rule 12(b)(6).

### B. EVEN IF PLAINTIFF'S ACTION HAD NOT BEEN DISMISSED "WITH PREJUDICE," ALL TOLLING WAS WIPED AWAY, AND PLAINTIFF'S CLAIMS WOULD BE TIME-BARRED

A dismissal without prejudice, such as Judge Bucklo's dismissal of Ms. DiCicco in *Haugen*, retroactively wipes away any tolling that occurred during the course of the dismissed action, and the lawsuit is treated for statute of limitations purposes as if it had never been filed:

---

[4] As explained above, before the parties in *Cunningham* ever got to the motion to dismiss stage, Mariano's moved to sever the claims of the 23 plaintiffs for improper joinder. Judge Kendall granted that motion, and Ms. DiCicco refiled her claims individually under this case number.

9

> When a federal civil action is dismissed without prejudice, the statute of limitations runs continuously. It is not reset by the filing and dismissal as it is in some states (including Illinois), which allow litigants a period to re-file after a dismissal. In federal practice, by contrast, when a suit is dismissed, **"the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running** from whenever the cause of action accrued, without interruption by that filing. In other words, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed."

*Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971–72 (7th Cir. 2011) (emphasis added, quoting *Elmore*, 227 F.3d at 1011).[5] Presuming, *arguendo*, that Judge Bucklo's order would have prevented the wiping away of tolling if Ms. DiCicco had complied with the Court's October 4th deadline, the inescapable fact remains: Ms. DiCicco did not refile her action until October 8, 2021. By that date, all tolling was unquestionably wiped away for good.

Without tolling, Ms. DiCicco's claims are time-barred. Under the FLSA, a plaintiff must commence her action within two years of when the claim accrued, or, for willful violations of the statute, within three years of when the claim accrued. 29 U.S.C. § 255(a).[6] FLSA claims commence "on the date when the complaint is filed." 29 U.S.C. § 256. Here, Ms. DiCicco filed her Complaint on August 2, 2022. (Dkt. 1). Accordingly, any claims that accrued prior to August 1, 2019, are time-barred.

---

[5] *But see Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014 (7th Cir. 2013) (finding *Lee* and *Elmore* inapplicable where trial court *sua sponte* dismissed initial *pro se* complaint without prejudice, and plaintiff timely filed amended complaints – in the same action – which related back to initial, timely-filed *pro se* complaint).

[6] More specifically, the FLSA provides that any action to enforce any claim for unpaid overtime "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255.

FLSA claims accrue when there is a breach of duty by the employer. *Sylvester v. Wintrust Fin. Corp.*, 2014 WL 10416989, at *3 n.7 (N.D. Ill. Sept. 26, 2014). This means that overtime claims accrue at the end of each pay period when the earned overtime for that pay period allegedly goes unpaid (*i.e.*, on payday). *Id*. Similarly, IMWL claims must be filed "within 3 years from the date of the underpayment." 820 ILCS 105/12(a). Thus, any claim by Plaintiff for unpaid overtime prior to August 2, 2019, is time-barred.

In this case, Plaintiff DiCicco alleges that she worked for Mariano's from October 2017, to May 2019. (Dkt. 1 at ¶ 7). Thus, it is clear from the face of the Complaint that each of the pay periods during Plaintiff's employment ended – and her claims for unpaid overtime accrued – prior to the August 2, 2019, bar date, and ***all*** of her overtime claims are time-barred. Because Plaintiff has pleaded herself out of court, the Court should dismiss this entire action, with prejudice, under Rule 12(b)(6).

## V. CONCLUSION

For all of the reasons set forth above, Mariano's respectfully requests that the Court dismiss Plaintiff's action, with prejudice, under Rule 12(b)(6).

Dated: September 16, 2022	Respectfully submitted,

 	**ROUNDY'S ILLINOIS, LLC d/b/a**
 	**MARIANO'S, Defendant**

 	By: */s/ Christopher S. Griesmeyer*
 	     One of Its Attorneys

Christopher S. Griesmeyer (# 6269851)
Zachary Mulcrone (# 6300387)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court via the CM/ECF System which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them, including counsel of record for plaintiffs:

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 401
Chicago, Illinois  60604
jbillhorn@billhornlaw.com
sengelson@billhornlaw.com

    /s/  Christopher S. Griesmeyer
Christopher S. Griesmeyer (# 6269851*)*
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois  60602
(312) 428-2750
cgriesmeyer@grglegal.com

*One of the Attorneys for Defendant,*
*Roundy's Illinois, LLC d/b/a Mariano's*