UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY DICICCO (GEHRIG), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cv-4032 |
| v. ) | |
| ) | Hon. John F. Kness |
| ROUNDY'S ILLINOIS, LLC, ) | |
| d/b/a MARIANO'S, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO SYNCHRONIZE BRIEFING SCHEDULES

Defendant, Roundy's Illinois, LLC d/b/a Mariano's ("Mariano's"), by and through its undersigned counsel, respectfully submits this response brief in opposition to Plaintiff's Motion to Synchronize Briefing Schedules (Dkt. 16) on Mariano's pending Motion to Dismiss (Dkt. 11).

### DISCUSSION

Instead of simply working on a response to Mariano's motion to dismiss, Plaintiff has wasted everyone's time by filing various "briefs about briefing" in this Court, and more than a dozen others. Indeed, less than a week ago, Plaintiff asked this Court to *stay briefing* on the motion to dismiss (Dkt. 13), causing Mariano's to promptly file a response brief (Dkt. 14). Now, before the Court has even had the chance to rule on the request for a stay, Plaintiff has reversed course and is asking the Court to *move forward* with Mariano's motion to dismiss and consolidate briefing on that motion amongst fifteen different cases. In essence, Plaintiff seeks *de facto* consolidation of these lawsuits for purposes of Mariano's motion to dismiss, even before Judge Kendall has ruled on the actual motion to re-consolidate filed in *Cunningham* (the case from which this lawsuit was severed four months ago).[1]

---

[1] *Cunningham v. Roundy's Illinois*, Case No. 21-cv-05368, Dkt. 47.

Plaintiff's whip-saw motion practice is particularly disconcerting, and her divergent requests to "stay" and "consolidate" briefing should be denied, for several reasons.

***First,*** Plaintiff fails to give any regard to the dockets, case management schedules, and – perhaps more importantly – the orders and rulings of other judges in these various cases. Yesterday, for example, Judge Rowland entered an order in *Qazi v. Roundy's*, Case No. 22-cv-4058, stating in relevant part:

> Plaintiff's motion to stay is denied. Plaintiff seeks to stay the briefing schedule on Defendant's motion to dismiss pending a ruling by Judge Kendall to consolidate under Rule 42(a) in *Cunningham v. Roundy's,* 21-cv-05368. Plaintiff believes it is likely that Judge Kendall will consolidate this case with thirteen others in this district all alleging FLSA violations against Defendant. Defendant opposes the motion to stay, arguing that given the extensive procedural history in these cases (the plaintiffs first proceeded as a FLSA collective action before decertification; then they jointly refiled as a single action before Judge Kendall but Judge Kendall severed the cases), it is highly unlikely that Judge Kendall will grant the motion to consolidate. Regardless of whether Plaintiff's motion to consolidate has merit, the Court finds no basis to stay briefing on Defendant's motion to dismiss. Even if Judge Kendall decides to consolidate the cases and reassign them as related to her, cases do not lose their separate identities after consolidation. *See Hall v. Hall,* 138 S. Ct. 1118, 1128 (2018). Each constituent case "must be analyzed individually" and each case "should end in separate decrees or judgments." *Id.; see also Owners Ins. Co. v. Dorsey*, No. 3:14-CV-01009-PMF, 2015 WL 13203448, at *1 (S.D. Ill. July 23, 2015) (noting that consolidation does not "merge the suits into a single cause, or change the rights of the parties") (quotation omitted). Consolidation thus does not change the parties' rights in this case; a court will need to rule on Defendant's motion to dismiss based on the individualized issues particular to Plaintiff here. For this reason, the Court finds no basis to stay briefing on Defendant's pending motion to dismiss and denies Plaintiff's motion to stay. The briefing schedule set in the Court's 9/19/22 order stands.
>
> *Qazi*, Dkt. 16 (internal docket numbers omitted).

In fact, the majority of judges in the other fourteen cases that Plaintiff seeks to consolidate have denied plaintiff's request for a stay, and have ordered the parties to proceed under the briefing schedule established in each respective case:

1. *Milbourn v. Roundy's*, Case No. 22-cv-3988 (J. Guzman), Dkt. 18;

2. *Razzak v. Roundy's*, Case No. 22-cv-3990 (J. Coleman), Dkt. 15; [2]

3. *Jackson (Powers) v. Roundy's*, Case No. 22-cv-3992 (J. Feinerman), Dkt. 22;

4. *Weaver v. Roundy's*, Case No. 22-cv-4033 (J. Valderrama), Dkt. 14;

5. *Prgam v. Roundy's*, Case No. 22-cv-4034 (J. Coleman), Dkt. 15; [3]

6. *Costner v. Roundy's*, Case No. 22-cv-4049 (J. Shah), Dkt. 16;

7. *Garcia v. Roundy's*, Case No. 22-cv-4056 (J. Guzman), Dkt. 18;

8. *Qazi v. Roundy's*, Case No. 22-cv-4056 (J. Rowland), Dkt. 16.

In contrast, plaintiff's request for a stay has been granted in just one (1) case, *Kearney v. Roundy's*, Case No. 22-cv-4051 (J. Norgle), Dkt. 15. And although the minute order granting a stay was entered by the Clerk on October 3, 2022, it was *dated* September 30, 2022 (the same day plaintiff had filed her request for a stay in that case) – which means the decision to enter the minute order was made *well before* Mariano's had an opportunity to file its response brief in opposition to the requested stay. (Dkt. 14). Based upon Chief Judge Rebecca Pallmeyer's order yesterday, the reason behind this unusual timing is now clear: Judge Norgle was in the process of retiring, and the *Kearney* case has now been re-assigned to Hon. Sara L. Ellis. (Dkt. 16)

---

[2] Plaintiff's counsel orally moved to stay briefing on Defendant's motions to dismiss in the *Prgam* and *Razzak* cases on September 21, 2022; Judge Coleman denied that request via minute order on September 22, 2022, setting a briefing schedule on those motions.

[3] *See*, Note 2, *supra*.

3

***Second,*** Plaintiff has not examined, let alone satisfied, the requirements for consolidation here, so a *de facto* consolidation would be inappropriate. These plaintiffs (including this Plaintiff) have already received multiple rulings prohibiting them from litigating their claims in tandem. Specifically, Judge Bucklo denied plaintiffs the ability to litigate claims together in *Haugen v. Roundy's Illinois, LLC*, when she decertified the collective action because the plaintiffs are not "similarly situated." The plaintiffs then improperly re-filed their claims together in a single joint action (*Cunningham*), which resulted in Judge Kendall severing the plaintiffs' claims into fifteen separate lawsuits. Then, when it came time to file their individual lawsuits, the plaintiffs falsely stated on their civil cover sheets that Judge Kendall had dismissed (as opposed to severed) them from *Cunningham*, resulting in the Clerk's office assigning all of their cases back to Judge Kendall – which, in turn, prompted Judge Kendall to enter a clarification order, directing the Clerk to randomly distribute the cases to different judges throughout the Northern District.

Because each of these cases must be litigated as its own separate, individual lawsuit, there is no good reason to consolidate the briefing on Mariano's motions to dismiss, especially after judges have already set briefing schedules best suited to their particular dockets.

***Finally,*** attempting to consolidate the briefing schedules (to say nothing of oral arguments) in unrelated cases would be nearly impossible, and unnecessarily delay the proceedings of each particular case. Judges in these cases set various deadlines for each plaintiff to file his/her response to Mariano's motion to dismiss. Three of those deadlines have already passed (*Ellis*, Dkt. 17; *Fuhrmann*, Dkt. 11; *Cunningham*, Dkt. 39), and one of those deadlines is today (*Weaver*, Dkt. 10). Consolidating the various dockets to allow these motions to be briefed in tandem – something that Judge Bucklo and Judge Kendall have already ruled out for these plaintiffs – for the mere sake of "synchronicity" would introduce unnecessary delay.

4

Here, for instance, the Court's standing order set October 14, 2022 (28 days from the filing of Defendant's motion to dismiss) as the deadline for Plaintiff's response brief. (Dkt. 12). Yet Plaintiff never explains *why* more time is needed to respond to Mariano's *11-page* Motion to Dismiss (other than a passing reference to counsel's downstate travel next week – well before the deadline for Plaintiff's response). This is of no small moment, because Rule 6(b) allows for an extension of time prior to the expiration of a deadline for "good cause." FED. R. CIV. P. 6(b). "Good cause is a substantial reason that is not 'arbitrary, irrational, unreasonable, irrelevant, or capricious.' *Solomon v. Elsea*, 676 F.2d 282, 287 (7th Cir. 1982). 'The good cause standard focuses on the diligence of the party seeking the extension,' showing that despite diligence the timetable could not reasonably have been met. *Exe v. Fleetwood RV, Inc.*, 2011 WL 6257081, at *2 (N.D. Ind. Dec. 14, 2011)." *Tyler v. JP Operations, LLC*, 2017 WL 6997842, at *1 (S.D. Ind. Aug. 30, 2017). Plaintiff has provided no showing of "good cause" here; indeed, Plaintiff never even claims she is unable to meet the current briefing schedule.

In truth, Plaintiff has had ample time to address Mariano's motion to dismiss, but has wasted that time trying to come up with ways to avoid Judge Kendall's severance ruling in *Cunningham*. Indeed, since Mariano's filed its dismissal motion on September 16, 2022, Plaintiff's counsel has found time to draft a 21-page motion to re-consolidate in *Cunningham*, and to file more than *thirty (30)* other motions against Mariano's in various cases. This suggests that Plaintiff's counsel has had more than enough time to prepare a response to Mariano's Motion to Dismiss. Plaintiff now seeks synchronization simply for the sake of synchronization itself; yet Plaintiff can provide no legitimate explanation (let alone justification) for such relief.

## CONCLUSION

While it is the standard practice of Mariano's counsel to agree to reasonable extension requests, Plaintiff's procedural shenanigans over the past week have been anything but reasonable,

5

and have caused Mariano's to incur unnecessary expense. The Court should keep in place its original deadline for Plaintiff to respond to Mariano's Motion to Dismiss.

WHEREFORE, for all of the reasons set forth above, Defendant, Roundy's Illinois, LLC d/b/a Mariano's, respectfully requests that the Court enter an Order denying Plaintiff's Motion to Synchronize Briefing Schedules.

Dated: October 7, 2022

Respectfully submitted,

**ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, Defendant**

By: /s/ *Christopher S. Griesmeyer*
      One of Its Attorneys

Christopher S. Griesmeyer (# 6269851)
Zachary Mulcrone (# 6300387)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court via the CM/ECF System which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them, including counsel of record for Plaintiffs:

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 401
Chicago, Illinois 60604
jbillhorn@billhornlaw.com
sengelson@billhornlaw.com

         */s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60602
(312) 428-2750
cgriesmeyer@grglegal.com

*One of the Attorneys for Defendant,*
*Roundy's Illinois, LLC d/b/a Mariano's*